**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARLON A. BARNES,

      **Plaintiff,**

v.                                                    **Case No: 6:25-cv-2441-PGB-DCI**

BROKER SOLUTIONS, INC., d/b/a
NEW AMERICAN FUNDING, et. al.,

      **Defendants.**

## ORDER

By order dated March 19, 2026, the Court denied Plaintiff's initial motion for Clerk's entry of default because Plaintiff failed to explain why service upon the person identified in the Return of Service constituted proper service upon Defendant Broker Solutions, Inc. under the applicable law.  Doc. 41.  Pending before the Court is Plaintiff's Second Motion for Clerk's Entry of Default brought pursuant to Federal Rule of Civil Procedure 55(a).  Doc. 42 (the Motion).  The Motion is due to be denied because the Court is still not satisfied that Plaintiff effected service of process.

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Prior to directing the Clerk to enter a default, however, the court must first determine whether a plaintiff properly effected service of process.  *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (denying motion for entry of clerk's default because service did not appear to meet any approved method, and the plaintiff failed to point to the law approving the procedure).

Here, Plaintiff states that "Steven Pickett is an individual authorized to accept service on behalf of Defendant Broker Solutions, Inc. d/b/a New American Funding, as he is affiliated and accepted service on behalf of Defendant's registered agent, Incorp Services, Inc., which is authorized to receive service of process for Defendant." Doc. 42 at 2. In support of this position, Plaintiff has attached a screenshot purportedly from California's Secretary of States' website. Doc. 42-1. The exhibit reflects that Steven Pickett is Broker Solution, Inc.'s "CA Registered Corporate. . . Agent Authorized Employee(s)." *Id*.

While Steven Pickett may be the registered agent for *a* Broker Solutions, Inc, the Court is not convinced that Plaintiff served the correct entity. In the Amended Complaint, Plaintiff alleges that "Defendant Broker Solutions, Inc, doing business as New American Funding ('NAF'), is a mortgage lender and loan originator that originated Plaintiff's loan as an FHA-insured mortgage loan." Doc. 24 at 3. Attached to the Amended Complaint is a purported mortgage prepared by "Broker Solutions, Inc. dba New American Funding" with the address listed as 14511 Myford Road, Suite 110, Tustin, Ca 92780. Doc. 24-2 at 2.

The Florida Division of Corporations' website reflects that Broker Solutions, Inc. is an inactive Florida Corporation with a principal address at 14511 Myford Road, Suite 100, Tustin, California. Florida's website also shows that New American Funding is an active foreign limited liability company with a principal address in Santa Ana, California. www.sunbiz.org. While Florida's information for New American Funding does not list the Tustin address, the website shows that both Broker Solutions, Inc. and New American Funding, LLC have the same authorized persons or business officers. *Id*. So, based on a comparison between Plaintiff's purported mortgage document attached to the pleading and the information filed with Florida, it appears that

- 2 -

the Broker Solutions, Inc. and New American Funding registered with Florida's Secretary of State are the entities Plaintiff intends to sue in this matter.

Plaintiff's exhibit from California's Secretary of States' website, however, does not include any of the individuals listed with Florida nor does it reflect a Tustin, California address. *See* Doc. 42-1. As such, it does not appear that Plaintiff has served the correct Broker Solutions, Inc. and, if he has, he must address why service in California is appropriate when New American Funding is an active limited liability company with a registered agent in Florida. To be sure, Plaintiff may have served the correct entity **and** service on the registered agent in California might be appropriate, but Plaintiff must provide more information and analysis with support from legal authority to demonstrate entitlement to relief.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 42) is **DENIED with prejudice**;

2. **on or before April 13, 2026**, Plaintiff shall renew the request for Clerk's entry of default to address the issues the Court has identified in this order or show cause why the case against Broker Solutions, Inc. d/b/a New American Funding should not be dismissed for failure to serve pursuant to Rule 4(m).

Ordered in Orlando, Florida on March 23, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy